# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LYNESHA S. D.,[1]

      Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

      Defendant.

CIVIL ACTION

No. 18-2339-JWL

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Supplemental Security Income (SSI) benefits pursuant to sections 1602 and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. §§ 1381a and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) evaluation of Plaintiff's mental impairments, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING the Commissioner's final decision and REMANDING this case for further proceedings consistent with this decision.

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

**I.     Background**

Plaintiff argues that the ALJ erroneously assessed Plaintiff's residual functional capacity (RFC) by failing to assess any mental limitations resulting from the moderate functional limitations he found in Plaintiff's daily activities, social functioning, and concentration; and also failed to consider the third-party opinion of the agency employee who interviewed Plaintiff when filling out the Field Office Disability Report (Ex. 1E, R. 201-03).

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala,

36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the process--determining at step four whether, considering the RFC assessed, claimant can perform her past

3

relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds reversible error in the ALJ's consideration of Plaintiff's mental functioning, and it need not consider whether the ALJ erred in considering the comments of the agency's employee.

## II. Discussion

Plaintiff claims the ALJ erred in assessing Plaintiff's RFC because he found Plaintiff "has moderate functional limitations in daily activities, social functioning and concentration," but failed to include any of those allegedly moderate limitations in the RFC assessed or in the hypothetical questioning of the vocational expert (VE). (Pl. Br. 14-18 (quoting R. 23). Plaintiff acknowledges that the ALJ found she "is limited to simple routine repetitive work with occasional interaction with co-workers and occasional interaction with the general-public" (R. 19) and stated that a mental residual functional capacity assessment requires a more detailed assessment than the step two and three consideration of the severity of Plaintiff's mental impairments in the four broad mental functional areas. (Pl. Br. 15, 18). But, she argues the RFC limitations assessed--

4

without greater explanation--are insufficient to account for the moderate functional limitations in daily activities, social functioning and concentration the ALJ found. Id. at 16-19.

The Commissioner counters that "the ALJ's mental RFC finding is supported by substantial evidence and adequately accounts for Plaintiff's mental limitations to the extent that they were supported by record." (Comm'r Br. 6). She points out that the "paragraph B" criteria used in evaluating the severity of the four broad mental functional areas at step two and the criteria of the Listing impairments at step three of the evaluation process do not require associated functional limitations in the RFC assessment. Id. at 7-8 (citing Bales v. Colvin, 576 F. App'x 792, 798 (10th Cir. 2014); DeFalco-Miller v. Colvin, 520 F. App'x 741, 747-48 (10th Cir. 2013); and Beasley v. Colvin, 520 F. App'x 748, 754 n.3 (10th Cir. 2013)). She explains how, in her view, the ALJ's assessment is supported by the record evidence and "the ALJ in this case imposed even more restrictive mental functional limitations than opined by any medical source of record by limiting Plaintiff to no more than occasional contact with coworkers and the public." Id. at 9.

In her Reply Brief, Plaintiff points out that the ALJ's finding (that Plaintiff "has moderate functional limitations in daily activities, social functioning and concentration") does not appear in the ALJ's step two or step three analysis but in his discussion of his RFC assessment at page 9 of the decision. (Reply 3) (citing R. 30).[2] She argues this is

---

[2] Although Plaintiff cites page 30 of the record for this quotation, it actually appears at page 23 of the record which is page 9 of the ALJ's decision as noted above. Moreover, Plaintiff quoted the same paragraph of the decision in her Social Security Brief, and correctly cited it as page 23 of the record transcript. (Pl. Br. 15).

5

error because these functional limitations in daily activities, social functioning, and concentration are not included within the RFC assessed and were not included in the hypothetical questioning of the VE.

The Commissioner is correct that the "paragraph B" findings refer to the severity of a claimant's mental impairments in the four broad mental functional areas used in the Commissioner's psychiatric review technique at steps two and three of the sequential evaluation process to determine whether mental impairments are severe within the meaning of the Act and regulations and whether the criteria of a Listed impairment are met or medically equaled, and do not directly relate to specific mental functional limitations assessed in a claimant's RFC. Moreover, the ALJ discussed the "paragraph B" criteria in his discussion of whether Plaintiff's mental impairments meet or medically equal the criteria of Listing 12.02. (R. 18). At the end of that discussion, the ALJ noted that the degree of limitation "identified in the 'paragraph B' criteria are not a residual functional capacity assessment," id., but that the RFC assessment in his decision "reflects the degree of limitation [he] found in the 'paragraph B' mental functional analysis." Id. at 19. Were this the end of the ALJ's discussion, this court would recognize the difference between the steps two and three consideration of mental impairments, and the assessment of RFC thereafter, would consider in light of the record evidence whether the RFC assessed reasonably accounts for the mental limitations and impairments considered, and likely would find that it does and there was no error in this case.

However, that was not the end of his discussion. As Plaintiff points out, the ALJ found "moderate <u>functional</u> limitations in daily activities, social functioning and concentration" (R. 23) (emphasis added) when considering the medical opinions of the state agency psychological consultants as part of his assessment of Plaintiff's RFC. He accorded those opinions significant weight but went on to explain that he "reduced" those opinions on the basis of Plaintiff's "subjective complaints and additional medical evidence." <u>Id.</u> He concluded, "Therefore, the undersigned finds the claimant has <u>moderate functional limitations</u> in daily activities, social functioning and concentration." <u>Id.</u> (emphasis added).

The ALJ's decision in this case issued August 8, 2017. (R. 25). On September 26, 2016, the Commissioner issued a final rule revising the criteria for evaluating mental disorders effective January 17, 2017. <u>Revised Medical Criteria for Evaluating Mental Disorders</u>. 81 Fed. Reg. 66,138 (Sept. 26, 2016) (codified at 20 C.F.R. Pts. 404, 416). The final rule created four new broad mental functional areas ("paragraph B" criteria) based upon which to evaluate mental disorders. <u>Id.</u> at 66,160. The new broad mental functional areas ("paragraph B" criteria) are "Understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. § 416.920a(c)(3), <u>see also</u> 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00E. It was these new "paragraph B" criteria the ALJ applied and discussed in evaluating the severity of Plaintiff's mental impairments and whether they meet or medically equal a Listing at steps two and three of his evaluation. (R. 18) ("In understanding, remembering, or applying information, the claimant has moderate

7

limitations. … In interacting with others, the claimant has moderate limitations. … With regard to concentrating, persisting, or maintaining pace, the claimant has moderate limitations. … As for adapting or managing oneself, the claimant has experienced mild limitations.").

When discounting the state agency psychological consultants' opinions however, the ALJ found that Plaintiff "has <u>moderate functional limitations</u> in daily activities, social functioning and concentration." (R. 23) (emphasis added). The functional limitations assessed clearly relate to the first three "paragraph B" criteria pursuant to the old rules. 20 C.F.R. § 416.920a(c)(3) (2016) ("[a]ctivities of daily living, social functioning, concentration persistence, or pace"). But the ALJ did not explain how he applied the functional limitations he assessed. When discussing the new "paragraph B" criteria he found moderate or mild limitations related to the degree of limitation in each of the criteria, but he did not find "functional limitations" related to any of the criteria. But when discussing activities of daily living, social functioning, and concentration, the ALJ discussed those abilities when assessing RFC and he found "moderate <u>functional</u> limitations" in each of those abilities without explaining the specific functional limitations resulting.

The RFC assessed by the ALJ provides the following mental limitations, "to simple routine repetitive work with occasional interaction with co-workers and occasional interaction with the general-public." (R. 19) (finding 4) (bolding omitted). Perhaps the limitation to occasional interaction equates to moderate functional limitation in social functioning, and the limitation to simple, routine, repetitive work relates in at

8

least some way to moderate functional limitation in concentration, but the court is unable to find any assessed mental limitation related in any but the most tenuous way to moderate functional limitation in mental activities of daily living. It is the Commissioner's, not the court's, duty to explain the bases for the findings in her decisions. And if that explanation is not made, or at least discernable, in the final decision, any other explanation is an impermissible post hoc rationalization of the decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005); Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004); Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985).

The court is unable to discern whether the ALJ accounted for the moderate functional limitations he found in the RFC he assessed. Remand is necessary for the Commissioner to explain this ambiguity.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING the Commissioner's final decision and REMANDING this case for further proceedings consistent with this decision.

Dated April 2, 2019, at Kansas City, Kansas.

    s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**